UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CORNELIUS J. DUPARD, IV          CASE NO: 15-12249
         SECTION "B"
         CHAPTER 13

## STIPULATION ORDER

This matter was scheduled for hearing on August 10, 2016 on the Motion for Relief from Stay ( the"Motion") **(P-40)** filed by Federal National Mortgage Association ("Mover") and the Stipulation resolving the Motion ("Stipulation") **(P-47)** signed by Mover and Counsel for Debtor.

Mover has alleged that good cause exists for granting the Motion and that Debtor, counsel for Debtor, the Chapter 13 Trustee, and all other necessary parties were served with the Motion and with notice of the hearing date for the Motion; and

The Court having considered the merits of the Motion and all exhibits attached thereto as well as the following Stipulation terms:

| | |
|---|---:|
| Post-petition payments for the months of April, 2016 through July, 2016............................. | $3,317.60 |
| Attorney's fees................................................................ | $650.00 |
| Filing fee advanced to clerk ........................................ | $176.00 |
| Subtotal ...................................................................... | $4,143.60 |
| Less Funds Received.................................................... | $165.30 |
| Total............................................................................. | $3,978.30 |

The debtor is to cure the post-petition delinquency as stated above by filing an amended plan per the Mendoza ruling within 15 days of the date of this order to include the above post-petition delinquency due on their loan in the sum of $3,978.30.

IT IS ORDERED, that the Debtor shall maintain regular monthly post-petition payments to Mover outside the Chapter 13 plan beginning with a payment due on August 1, 2016, in the amount of $853.50. Failure by Debtor to make any payment within 30 days of the date due, or otherwise comply with the approved Stipulation terms, shall constitute a default under the terms of this order.

IT IS FURTHER ORDERED, that upon the occurrence of a default, Mover shall notify Debtor and Debtor's counsel of Mover's intent to file an affidavit and proposed Order Granting Relief from the Automatic Stay if the default is not cured within 14 days of the date of the notice. If the default is not cured within 14 days after the notice of default, then upon the filing of an Exparte Motion for Relief and an affidavit by Mover attesting to the occurrence of an event of default by the Debtor, an Order may be entered without further hearing, terminating the stay imposed by 11 U.S.C §362(a) of the Bankruptcy Code with respect to Mover.

**IT IS FURTHER ORDERED** that movant shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBR's and file a certificate of service to that effect within three days.

New Orleans, Louisiana, August 10, 2016.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge

**RESPECTFULLY SUBMITTED:**

*/s/ Stacy C. Wheat*
Louis Graham Arceneaux (#25334)
Stacy C. Wheat (#19826)
Fred J. Daigle (#24066)
Attorney for Mover
Graham, Arceneaux & Allen, LLC
639 Loyola Ave., Suite 1800
New Orleans, LA 70113
(504) 522-8256

AND

*/s/ Mary M. Taylor*
Mary M. Taylor, 19179

3525 North Causeway Blvd., Suite 708
Metairie, LA 70002
mary@pontchartrainlaw.com
Attorney for Debtor